```
                 IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,       )  Crim. No. 10-00269 HG-01
                                )
                                )
            Plaintiff,          )
                                )
       vs.                      )
                                )
CHRIS HONG TRAN,                )
                                )
                                )
            Defendant.          )
_____)
```

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO AMENDMENT 782 (ECF No. 41)**

Defendant Chris Hong Tran has filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.  A reduction of Defendant's sentence is not warranted.  Defendant's MOTION FOR SENTENCE REDUCTION PURSUANT TO AMENDMENT 782 (ECF No. 41) is **DENIED.**

## PROCEDURAL HISTORY

On May 13, 2010, the grand jury returned the Indictment charging Defendant Chris Hong Tran with one count of knowingly and intentionally possessing, with intent to distribute, five grams or more of methamphetamine, its salts, isomers, and salts of isomers in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B).

On May 17, 2010, the Government filed a Special Information

as to a Prior Drug Conviction of Defendant pursuant to 21 U.S.C. § 851. (ECF No. 4). The Government's Special Information sought a statutory mandatory minimum sentence of ten years because of Defendant Tran's previous felony drug conviction. (Id.)

On September 24, 2010, Defendant pled guilty to the one count in the Indictment pursuant to a Plea Agreement. (ECF No. 22). The Plea Agreement did not reflect the possibility of the enhanced mandatory minimum of ten years pursuant to the Government's filing of the Special Information. (Memorandum of Plea Agreement, ECF No. 24). The Plea Agreement affirmatively stated that the mandatory minimum was five years. (Id. at p. 3).

On January 3, 2011, Defendant Tran's sentencing hearing was held. (ECF No. 30). The Government was precluded from seeking the ten-year minimum at sentencing pursuant to the Plea Agreement. (See Addendum No. 2 to the Presentence Report). The Court sentenced Defendant Tran to 87 months imprisonment. (ECF No. 31).

On October 21, 2014, the Federal Public Defender was appointed to assist Defendant in seeking a reduction in sentence pursuant to Amendment 782 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). (ECF No. 39).

On March 23, 2015, Defendant, with the assistance of the Federal Public Defender, filed a MOTION FOR SENTENCE REDUCTION PURSUANT TO AMENDMENT 782. (ECF No. 41).

On April 9, 2015, the Government filed the GOVERNMENT'S OPPOSITION TO MOTION FOR SENTENCE REDUCTION UNDER AMENDMENT 782. (ECF No. 43).

On April 10, 2015, Defendant filed a REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR SENTENCE REDUCTION. (ECF No. 44).

## ANALYSIS

18 U.S.C. § 3582(c)(2) authorizes district courts, in some circumstances, to modify an imposed sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. United States v. Dunn, 728 F.3d 1151, 1155 (9th Cir. 2013); see also 28 U.S.C. § 994(o).

The United States Supreme Court has interpreted 18 U.S.C. § 3582(c)(2) as establishing a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826-27 (2010).

**1. Defendant's Sentencing Guidelines Were Lowered Pursuant to Amendment 782 to the United States Sentencing Guidelines**

First, the Court must determine if a defendant is eligible for a sentence reduction based on a guideline that has been lowered by the Sentencing Commission after the date the defendant was sentenced. 28 U.S.C. §§ 994(o),(u). The Court is required to examine Section 1B1.10 of the Sentencing Guidelines and the

applicable policy statements issued by the Sentencing Commission to determine if the defendant is eligible for a reduction in sentence.  <u>Dunn</u>, 728 F.3d at 1155.

On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective.  The Sentencing Commission provided that Amendment 782 would apply retroactively to previously-sentenced defendants.  U.S.S.G. §§ 1B1.10(d), (e)(1).  Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§ 2D1.1 and 2D1.11.

Here, the Parties agree that Defendant Tran's sentencing guidelines have been lowered pursuant to Amendment 782 to the United States Sentencing Guidelines.  Defendant now has a total offense level of 25 with a criminal history category of III for an amended guideline range of 70-87 months.

**2.   A Reduction in Defendant Tran's Sentence is Not Warranted Considering the Sentencing Factors Set Forth in 18 U.S.C. § 3553(a)**

The second step in the sentence reduction inquiry requires the Court to consider whether a reduction is warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a).  U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i)-(iii); <u>Dillon</u>, 560 U.S. at 826-28.

The factors set forth in 18 U.S.C. § 3553(a) are:

     (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
     (2)   the need for the sentence imposed;
     (3)   the kind of sentences available;
     (4)   the applicable category of offense committed by the defendant as set forth in the guidelines;
     (5)   any pertinent policy statement;
     (6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
     (7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a); U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(i).

Here, Defendant requests that the Court reduce his sentence from 87 months to 70 months. (Motion to Reduce Sentence at p. 5, ECF No. 41).

Defendant Tran has already received a sentence below the ten-year statutory mandatory minimum.  At sentencing on January 3, 2011, the Government was precluded from seeking the ten-year mandatory minimum based on Defendant Tran's previous felony drug conviction because Defendant's Plea Agreement reflected the possibility of only a five-year mandatory minimum.  (Def.'s Memorandum of Plea Agreement at p. 3, ECF No. 24; Addendum No. 2 to the Presentence Report).

A further sentence reduction below 87 months imprisonment is not warranted.  Defendant's sentence is within his amended guideline range of 70-87 months.  Defendant's 87-month sentence is appropriate considering the nature and circumstances of the offense and Defendant Tran's prior criminal history.

The Court may also consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining if a reduction is warranted. U.S.S.G. § 1B1.10 Commentary, Application Note 1(B)(iii).

The Government asserts that a sentence reduction is not appropriate based on Defendant Tran's conduct while incarcerated. (Gov't Opp. at pp. 6-7, ECF No. 43).  There is evidence in the record to demonstrate Defendant Tran's lack of suitable behavior while incarcerated.  (SENTRY Report, attached as Ex. A to Def.'s Motion, ECF No. 41-1).  The Report reflects Defendant's involvement in incidents of fighting, possessing an unauthorized item, refusing to provide a urine sample, and escaping.  (Id.)

The Court is not relying on the incidents in Defendant's SENTRY Report to deny Defendant's Motion for Sentence Reduction.

The Court finds that a reduction in Defendant's 87-month sentence is not warranted given his amended sentencing guidelines and the factors set forth in 18 U.S.C. § 3553(a).  Defendant's Motion for Sentence Reduction Pursuant to Amendment 782 (ECF No. 41) is **DENIED.**

**CONCLUSION**

Defendant's MOTION FOR SENTENCE REDUCTION PURSUANT TO AMENDMENT 782 (ECF No. 41) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 14, 2015.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge